33 Cal.App.4th 303 (1995)
39 Cal. Rptr.2d 299
In re SHAUNDRA L. et al., Persons Coming Under the Juvenile Court Law.
MINDY B. et al., Petitioners and Objectors,
v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN'S SERVICES, Real Party in Interest.
Docket No. B090134.
Court of Appeals of California, Second District, Division Five.
March 22, 1995.
*305 COUNSEL
Warren D. Camp and Thomas R. Hayes for Petitioners and Objectors.
No appearance for Respondent.
De Witt W. Clinton, County Counsel, Joe Ben Hudgens, Deputy County Counsel, Auxiliary Legal Services and Dawyn Harrison for Real Party in Interest.
OPINION
TURNER, P.J. 

I. INTRODUCTION
Petitioners, Mindy B. and David L., parents of the minors, Brittany L. and Shaundra L., have, pursuant to rule 39.1B of the California Rules of Court,[1] filed separate petitions for writs of mandate seeking to compel the respondent court to set aside its order setting the underlying dependency proceedings for a hearing pursuant to Welfare and Institutions Code section[2] 366.26. We conclude: (1) the 1994 amendments to section 366.26, subdivision (l) require us to reach the merits of the petitions; (2) consistent with the intent of the Legislature, we have issued an order to show cause directed at the respondent court and the real party in interest, the Los Angeles Department of Children's Services, and afforded the parties the opportunity to orally argue the cause; and (3) substantial evidence supports the determination of *306 the respondent court to set the dependency proceedings for a hearing pursuant to section 366.26. As a result, the petitions are denied.

II. PROCEDURAL HISTORY
On December 2, 1992, the second amended petition to declare the minors dependent wards of the court was filed. The minors were declared wards of the court on February 16, 1993, and dispositional orders were entered on April 8, 1994. The minors were suitably placed. Eventually, on January 26, 1995, pursuant to section 366.21, the court ordered a hearing be held on May 25, 1995, which would consider possible termination of the parent and child relationship. (§ 366.26.) On February 21, and 24, 1995, the father, David L., and the mother, Mindy B., filed mandate petitions with this court pursuant to rules 39.1B and 1436.5. For reasons we will explain, we issued an order to show cause on February 24, 1995. The cause was set for oral argument on March 20, 1995.

III. THE 1994 AMENDMENTS CONCERNING EXTRAORDINARY WRIT REVIEW OF ORDERS SETTING A CASE FOR A SECTION 366.26 HEARING
The procedure to be followed in setting a dependency matter for a hearing pursuant to section 366.26 was described by our Supreme Court in Cynthia D. v. Superior Court (1993) 5 Cal.4th 242, 248-249 [19 Cal. Rptr.2d 698, 851 P.2d 1307], as follows: "When the court has found jurisdiction under section 300, it then must conduct a disposition hearing. (§ 358; Cal. Rules of Court, rules 1451, 1455.) If the court declares the child to be a dependent child of the juvenile court, it then considers whether the child may remain with the parents or whether the child must be removed from the parents pursuant to section 361, subdivision (b). At the dispositional hearing, the standard of proof for removal from a custodial parent is clear and convincing evidence. (§ 361, subd. (b); Cal. Rules of Court, rule 1456(c).) [¶] If the child is removed from the parents' custody, the court must make orders regarding reunification services. (§ 361.5.) The court must also notify the parents that their parental rights may be terminated if they do not reunify within 12 months. (Ibid.; Cal. Rules of Court, rule 1456(f).) The parents have the right to challenge both the jurisdictional and dispositional findings and orders on appeal. (§ 395.) [¶] Thereafter the juvenile court must review the case at least once every six months. (§ 366.) At these review hearings there is a statutory presumption that the child will be returned to parental custody unless the court finds by a preponderance of the evidence that `the return of the child would create a substantial risk of detriment to the physical or emotional well-being of the minor.' The department of social services, not the parent, bears the burden of establishing that detriment. (§§ 366.21, *307 subds. (e), (f), 366.22, subd. (a).) The court must also determine whether reasonable reunification services have been offered. (Ibid.) [¶] At the 12-month review, if the court does not return the child and finds that there is no substantial probability of return to the parent within 18 months of the original removal order, the court must terminate reunification efforts and set the matter for a hearing pursuant to section 366.26 for the selection and implementation of a permanent plan. (§ 366.21, subd. (g).) Even then, the court must determine by clear and convincing evidence that reasonable reunification services have been provided or offered to the parents. (§ 366.21, subd. (g)(1).) If the child is not returned to the parents at the 18-month review, the court must set the matter for a section 366.26 hearing. [¶] The selection and implementation hearing pursuant to section 366.26 is to be heard within 120 days of the hearing from which it was set. (§§ 361.5, subd. (f), 366.21, subds. (e), (g), 366.22, subd. (a).) The court may terminate parental rights `only if it determines by clear and convincing evidence that it is likely that the minor will be adopted.' (§ 366.26, subd. (c)(1).) If the court so determines, the findings, `pursuant to Section 366.21 or Section 366.22 that a minor cannot or should not be returned to his or her parent or guardian, shall then constitute a sufficient basis for termination of parental rights unless the court finds that termination would be detrimental to the minor' due to any of certain specified circumstances. (§ 366.26, subd. (c).)" (Fns. omitted.)
Prior to January 1, 1995, a determination pursuant to section 366.21, subdivision (a) to set a dependency proceeding for a hearing to determine the issues set forth in section 366.26 was normally reviewable on direct appeal after: an order terminating the parental relationship and directing the child be adopted; a determination that adoption was a proper permanent placement option; an order appointing a guardian and issuing guardianship letters; or an order placing the minor in long-term foster care. (In re Matthew C. (1993) 6 Cal.4th 386, 390-401 [24 Cal. Rptr.2d 765, 862 P.2d 765].) However, in response to criticisms of the Matthew C. decision and the delays in bringing prompt finality to dependency proceedings (Sen. Com. on Judiciary, Rep. on Sen. Bill No. 1531 (May 10, 1994) p. 2 (1994 Reg. Sess.), the Legislature amended section 366.26, subdivision (l) as follows, effective January 1, 1995: "(l)(1) An order by the court that a hearing pursuant to this section be held is not appealable at anytime unless all of the following applies: [¶] (A) A petition for extraordinary writ review was filed in a timely manner. [¶] (B) The petition substantively addressed the specific issues to be challenged and supported that challenge by an adequate record. [¶] (C) The petition for extraordinary writ review was summarily denied or otherwise not decided on the merits. [¶] (2) Failure to file a petition for extraordinary writ review within the period specified by rule, to substantively address the specific *308 issues challenged, or to support that challenge by an adequate record shall preclude subsequent review by appeal of the findings and orders made pursuant to this section. [¶] (3) The Judicial Council shall adopt rules of court, effective January 1, 1995, to ensure all of the following: [¶] (A) A trial court, after issuance of an order directing a hearing pursuant to this section be held, shall advise all parties of the requirement of filing a petition for extraordinary writ review as set forth in this subdivision in order to preserve any right to appeal in these issues. This notice shall be made orally to a party if they are present at the time of the making of the order or by first-class mail by the clerk of the court to the last known address of a party not present at the time of the making of the order. [¶] (B) The prompt transmittal of the records from the trial court to the appellate court. [¶] (C) That adequate time requirements for counsel and court personnel exist to implement the objective of this subdivision. [¶] (D) That the parent or guardian, or their trial counsel or other counsel, is charged with the responsibility of filing a petition for extraordinary writ relief pursuant to this subdivision. [¶] (4) The intent of this subdivision is to do both of the following: [¶] (A) Make every reasonable attempt to achieve a substantive and meritorious review by the appellate court within the time specified in Sections 366.21 and 366.22 for holding a hearing pursuant to this section. [¶] (B) Encourage the appellate court to determine all writ petitions filed pursuant to this subdivision on their merits. [¶] (5) This subdivision shall only apply to cases in which an order to set a hearing pursuant to this section is issued on or after January 1, 1995." (Stats. 1994, ch. 1007, No. 8 Deering's Adv. Legis. Service, pp. 5741-5742.)
In compliance with the foregoing directive in section 366.26, subdivision (l)(3), the Judicial Council adopted various rules designed to insure prompt appellate resolution of disputes concerning orders issued pursuant to section 366.21, subdivision (a) to hold the hearing envisioned by section 366.26. Effective January 1, 1995, rule 39.1(B) was adopted, and it provides: "(a) [Purpose] The purpose of this rule, as mandated by statute, is to facilitate and implement the following policies: [¶] (1) To achieve a substantive and meritorious review by the appellate court within the period specified in Welfare and Institutions Code sections 361.5, 366.21, and 366.22 for the commencement of a hearing under section 366.26; and [¶] (2) To encourage and assist the appellate court to determine on their merits all writ petitions filed to challenge the findings and orders of the juvenile court in setting a hearing section 366.26. [¶] (b) [Applicability] This rule applies to all petitions for extraordinary writ challenging the findings and orders entered on or after January 1, 1995, by a juvenile court in setting a hearing under section 366.26. [¶] (c) [Order] For purposes of this rule, the date of the order, at which the findings and orders of the juvenile court in setting a hearing under section 366.26 are made, is the date on which the court orally or in writing *309 states its order on the record, whichever occurs first. [¶] (d) [Limitations of appeal] The findings and orders of the juvenile court in setting a hearing under section 366.26 may be reviewed on appeal following the order of the 366.26 hearing only if the following have occurred: [¶] (1) An extraordinary writ was sought by the timely filing of Judicial Council form Writ Petition  Juvenile (JV-825) or other petition for extraordinary writ; and [¶] (2) The petition for extraordinary writ was summarily denied or otherwise not decided on the merits. [¶] Review on appeal of the order setting a hearing under section 366.26 is limited to issues raised in a previous petition for extraordinary writ that were supported by an adequate record. [¶] (e) [Failure to file a petition for writ; precludes appeal] Failure by a party to file a petition for extraordinary writ review as specified in this rule shall preclude that party from obtaining subsequent review on appeal of the findings and orders made by a juvenile court in setting a hearing under section 366.26. [¶] (f) [Notice of intent to file writ petition and request for record; service] To permit a determination of the writ petition prior to the scheduled date for the hearing under section 366.26 of the Welfare and Institutions Code on the selection of the permanent plan, a notice of intent to file a writ petition and request for record shall be filed with the clerk within 7 days of the date of the order setting a hearing under section 366.26. Judicial Council form Notice of Intent to File Writ Petition and Request for Record (JV-820) may be used. The period for filing a notice of intent to file a writ petition and request for record shall be extended 5 days, if the party received notice only by mail of the order setting the hearing under section 366.26 of the Welfare and Institutions Code. The clerk shall serve a copy of the notice of intent to file a writ petition on the child, parent or guardian, probation officer or social worker, counsel of record, present custodian of a dependent child, and any court-appointed child advocate, as prescribed by rule 1407. [¶] (g) [Record] Immediately on the filing of the notice of intent to file a writ petition and request for record, the clerk shall assemble the record (1) notifying the court reporter by telephone and in writing to prepare a reporter's transcript and to deliver the transcript to the clerk no more than 10 days after the notice of intent to file a writ petition and request for record is filed, and (2) preparing the clerk's transcript under rule 35(a). [¶] The record shall include all reports and minute orders contained in the juvenile court file and a reporter's transcript of the hearing at which the order setting a hearing under section 366.26 was made. [¶] Immediately on completion of the transcript, the clerk shall certify the record as correct, and deliver it by the most expeditious means to the reviewing court, and transmit copies to the petitioner and parties or counsel of record, by any method as fast as the express mail service of the United States Postal Service. [¶] (h) [Petitioner; trial counsel] Trial counsel for the petitioning party, or in the absence of trial counsel, the party, is responsible for filing the petition for extraordinary writ. *310 Trial counsel is encouraged to seek assistance from, or consult with, attorneys experienced in writ procedures. [¶] (i) [Petition form; JV-825] The petition for extraordinary writ may be filed on Judicial Council form Writ Petition  Juvenile (JV-825) or other petition for extraordinary writ. Petitions for extraordinary writ submitted on Judicial Council form Writ Petition  Juvenile (JV-825) shall be accepted for filing by the appellate court. All petitions shall be liberally construed in favor of their sufficiency. The processing of the petition for writ shall not be delayed or impeded due to technical defects or omissions. [¶] (j) [Contents of petition for writ; service] The petition for extraordinary writ shall summarize the factual bases for the petition. Petitioner need not repeat facts as they appear in any attached or submitted record. References to specific portions of the record, their significance to the grounds alleged, and disputed aspects of the record will assist the reviewing court and should be noted wherever possible. Petitioner should attach applicable points and authorities. Petitioner shall give notice to all parties entitled to receive notice under rule 1407. [¶] (k) [Time for filing writ petition and response] The writ petition shall be served and filed within 10 days after the filing of the record in the reviewing court. Any respondent's brief shall be served and filed within 10 days after the filing of the writ petition or within 10 days of receiving a request for a response from the reviewing court unless a shorter time is designated by the court. [¶] (l) [Augmentation and correction of the record] If the court requires additional records or transcripts, the court may grant up to 15 additional days for the preparation and submission of the full record. Augmentation or correction of the record shall be done under rule 12 or rule 35(e). Preparation of a supplemental transcript pursuant to an order under this subdivision shall be given highest priority. The procedures described in subdivision (g) shall be followed when applicable. Any request for augmentation by the petitioner shall be filed within 5 days after counsel has received the initial record. Any request for augmentation by the respondent shall be filed within 5 days after the filing of the petition. If available, the request for augmentation shall include copies of requested documents to be added to the record. [¶] (m) [Decision on the merits] Absent exceptional circumstances the appellate court shall review the petition for extraordinary writ and decide it on the merits. [¶] (n) [Stay] A request by petitioner for a stay of the hearing set under section 366.26 shall not be granted unless the petition for extraordinary writ raises issues of substantial complexity and adequate review requires extraordinary research and analysis. [¶] (o) [Hearing on the petition] Oral argument shall be held within 30 days after the filing of the required documents, unless waived, or unless extended for good cause by the reviewing court. [¶] (p) [Notice of decision] The clerk of the reviewing court shall promptly transmit any notice of decision to the petitioner. If a writ or order issues directed to any judge or court, the clerk of the reviewing court shall *311 promptly transmit a certified copy to the court. If the writ or order stays or prohibits proceedings scheduled to occur within 7 days of its issuance, or if the writ or order requires that action be taken by the respondent within 7 days, or in any other urgent situation, the clerk of the reviewing court shall make a reasonable effort to give telephone notice to the clerk of the court or tribunal below, who shall notify the judge or other officer most directly concerned. Telephone notice of the summary denial of a writ is not required, whether or not a stay was previously issued. [¶] (q) [Implementation of the rule; protocol] The administrative presiding justice of each appellate district is encouraged to convene a committee of representatives of the appellate and trial court legal community to design procedures and protocols to facilitate the implementation of this rule and the intent of the legislation to expedite resolution of these issues. [¶] (r) [Rule 56 not applicable] The provisions of rule 56 do not apply to these petitions for extraordinary writ."
Writ petition procedures seeking review of an order setting a hearing are described in newly promulgated rule 1436.5 as follows: "(a) [Applicability of rule] This rule describes how a party including the petitioner, child, and parent or guardian shall proceed if seeking appellate court review of findings and orders of the juvenile court made at a hearing which the court orders that a hearing under section 366.26 be held. [¶] (b) [Failure to file writ petition; precludes appeal] Failure by a party to file a petition for extraordinary writ as specified by this rule and rule 39.1B shall preclude that party from obtaining subsequent review on appeal of the findings and orders of the court in setting a hearing under section 366.26. [¶] (c) [Appeal from orders at hearing under 366.26] An appeal of a judgment, order, or decree under section 366.26 may challenge the findings and orders made by the court at that hearing. The findings and orders setting a hearing under section 366.26 may be reviewed on appeal following the order of the 366.26 hearing only if the following have occurred: [¶] (1) An extraordinary writ was sought by the timely filing of Judicial Council form Writ Petition  Juvenile (JV-825) or other petition for extraordinary writ; and [¶] (2) The petition for extraordinary writ was summarily denied or otherwise not decided on the merits. [¶] Review on appeal of the order setting a hearing under section 366.26 is limited to issues raised in a previous petition for extraordinary writ that were supported by an adequate record. [¶] Failure to file a petition for extraordinary writ review within the period specified by this rule and rule 39.1B shall preclude subsequent review on appeal of the findings and orders made by the juvenile court in setting the hearing under section 366.26. [¶] (d) [Advice of rights; § 366.26] When the court orders a hearing under section 366.26, the court shall advise orally all parties present, and by first class mail for parties not present, that if the party wishes to preserve any right to review on appeal of the order setting the hearing under section 366.26, the party is required to seek an extraordinary writ by filing a Notice of Intent to File Writ Petition *312 and Request for Record form (JV-820) or other notice of intent to file a writ petition and request for record and a Writ Petition  Juvenile form (JV-825) or other petition for extraordinary writ. Within 24 hours of the hearing, notice by first class mail shall be provided by the clerk of the court to the last known address of any party who is not present when the court orders the hearing under section 366.26. Copies of Judicial Council form Writ Petition  Juvenile (JV-825) and Judicial Council form Notice of Intent to File Writ Petition and Request for Record (JV-820) shall be available in the courtroom, and shall accompany all mailed notices of the advice. [¶] (e) [Notice of intent to file writ petition and request for record; service] To permit determination of the writ petition prior to the scheduled date for the hearing under section 366.26 of the Welfare and Institutions Code on the selection of the permanent plan, a notice of intent to file a writ petition and request for record shall be filed with the clerk within 7 days of the date of the order setting a hearing under section 366.26. Judicial Council form Notice of Intent to File Writ Petition and Request for Record (JV-820) may be used. The period for filing a notice of intent to file a writ petition and request for record shall be extended 5 days, if the party received notice only by mail of the order setting the hearing under section 366.26 of the Welfare and Institutions Code. The clerk shall serve a copy of the notice of intent to file a writ petition on the child, parent or guardian, probation officer or social worker, counsel of record, present custodian of a dependent child, and any court-appointed child advocate, as prescribed by rule 1407. [¶] (f) [Record] Immediately on the filing of the notice of intent to file a writ petition and request for record, the clerk shall assemble the record (1) notifying the court reporter by telephone and in writing to prepare a reporter's transcript and to deliver the transcript to the clerk no more than 10 days after the notice of intent to file a writ petition and request for record is filed, and (2) preparing the clerk's transcript under rule 35(a). [¶] The record shall include all reports and minute orders contained in the juvenile court file and a reporter's transcript of the hearing at which the order setting a hearing under section 366.26 was made. [¶] Immediately on completion of the transcript, the clerk shall certify the record as correct, and deliver it by the most expeditious means to the reviewing court, and transmit copies to the petitioner and parties or counsel of record, by any method as fast as the express mail service of the United States Postal Service. [¶] (g) [Petitioner; trial counsel] Trial counsel for the petitioning party, or in the absence of trial counsel, the party, is responsible for filing the petition for extraordinary writ. Trial counsel is encouraged to seek assistance from, or consult with, attorneys experienced in writ procedures. [¶] (h) [Petition for extraordinary writ; JV-825] The petition for extraordinary writ may be filed on Judicial Council form Writ Petition  Juvenile (JV-825) or other petition for extraordinary writ. Petitions for extraordinary writ submitted on Judicial Council form *313 Writ Petition  Juvenile (JV-825) shall be accepted for filing by the appellate court. All petitions shall be liberally construed in favor of their sufficiency. [¶] (I) [Time for filing petition] The petition for extraordinary writ shall be served and filed within 10 days after filing any record in the reviewing court. [¶] (j) [Contents of petition for writ; service] The petition for extraordinary writ shall summarize the factual bases for the petition. Petitioner need not repeat facts as they appear in any attached or submitted record. References to specific portions of the record, their significance to the grounds alleged, and disputed aspects of the record will assist the reviewing court and should be noted wherever possible. Petitioner should attach applicable points and authorities. Petitioner shall give notice to all parties entitled to receive notice under rule 1407." Finally, rule 1435 was amended to state in relevant part: "Any judgment, order, or decree setting a hearing under section 366.26 may be reviewed on appeal following the order of the 366.26 hearing only if the procedures in rules 39.1B and 1436.5 have been followed."

IV. THE PROCEDURAL REQUIREMENTS IMPOSED BY THE 1994 AMENDMENTS TO SECTION 366.26 AND THE COURT RULES.
As can be noted, the Legislature required the Judicial Council adopt rules effective January 1, 1995, which would "[e]ncourage the appellate court to determine all writ petitions filed pursuant to [section 366.26, subdivision (l)] on their merits." (§ 366.26, subd. (l)(4)(B); italics added.) In interpreting the language "on their merits," we must effectuate the intent of the Legislature. (People v. Jones (1993) 5 Cal.4th 1142, 1146 [22 Cal. Rptr.2d 753, 857 P.2d 1163].) The use of the language "on their merits" is somewhat ambiguous as it relates to the procedures to be followed by Courts of Appeal in reviewing mandate petitions seeking review of orders pursuant to section 366.21. In determining how to resolve such petitions "on their merits," we utilize traditional legislative intent analysis. (Freedom Newspapers, Inc. v. Orange County Employees Retirement System (1993) 6 Cal.4th 821, 826 [25 Cal. Rptr.2d 148, 863 P.2d 218]; Delaney v. Superior Court (1990) 50 Cal.3d 785, 798 [268 Cal. Rptr. 753, 789 P.2d 934].) The language "on their merits" finds its basis in California Supreme Court decisional authority. These decisions describe when a pretrial writ review proceeding has reached the merits of the petition. In Bay Development, Ltd. v. Superior Court (1990) 50 Cal.3d 1012, 1024 [269 Cal. Rptr. 720, 791 P.2d 290], our Supreme Court held: "The statutory provisions governing petitions for extraordinary writ of mandate contemplate that when a Court of Appeal considers such a petition, the court will either (1) deny the petition summarily; (2) grant a peremptory writ in the first instance without a hearing, after compliance with the procedure set forth in Palma v. U.S. Industrial Fasteners, Inc. (1984) 36 Cal.3d 171, 178-180 [203 Cal. Rptr. 626, 681 P.2d 893]; or (3) grant a *314 hearing on the merits by issuing an alternative writ or order to show cause. [Citations.]" (Italics added.) The Bay Development Ltd. analysis was consistent with the Supreme Court's prior ruling concerning the absence of any res judicata effect to be accorded the summary denial of a pretrial writ petition when it noted in People v. Medina (1972) 6 Cal.3d 484, 493 [99 Cal. Rptr. 630, 492 P.2d 686] as follows: ... [W]e conclude that the appellate court's denial without opinion of defendant's petition for a pretrial writ cannot properly be deemed a conclusive decision on the merits, and that defendant is entitled to an appellate court's determination of his search and seizure contention `in writing with reasons stated' (Cal. Const., art. I, § 14)...." Similarly, our Supreme Court has held that the law of the case rule can apply to pretrial writ proceedings under the following circumstances: "It is clear that the law of the case doctrine can apply to pretrial writ proceedings. When the appellate court issues an alternative writ, the matter is fully briefed, there is an opportunity for oral argument, and the cause is decided by a written opinion. The resultant holding establishes law of the case upon a later appeal from the final judgment." (Kowis v. Howard (1992) 3 Cal.4th 888, 894 [12 Cal. Rptr.2d 728, 838 P.2d 250].)
(1) The Legislature, in enacting the 1994 amendments to section 366.26, subdivision (l), clearly intended that the writ proceeding reviewing the order pursuant to section 366.21 be one which resolved the merits of the dispute. It is presumed that the Legislature was aware of existing judicial authority concerning related subjects when it enacted legislation. (Viking Pools, Inc. v. Maloney (1989) 48 Cal.3d 602, 609 [257 Cal. Rptr. 320, 770 P.2d 732]; People v. Overstreet (1986) 42 Cal.3d 891, 897 [231 Cal. Rptr. 213, 726 P.2d 1288].) Therefore, we conclude the Legislature intended that the following occur in order to secure a review on the merits of a dependency court decision pursuant to section 366.21 to set the cause for the hearing envisioned by section 366.26. First, the parties must be given the opportunity to fully brief the cause. (Kowis v. Howard, supra, 3 Cal.4th at p. 894.) Second, absent an emergency, a concession of error, or a showing the petitioner's entitlement to relief is so obvious that no purpose would be served by full consideration of the petition, an alternative writ or order to show cause should issue. (People v. Romero (1994) 8 Cal.4th 728, 743-745 [35 Cal. Rptr.2d 270, 883 P.2d 388]; Alexander v. Superior Court (1993) 5 Cal.4th 1218, 1223 [23 Cal. Rptr.2d 397, 859 P.2d 96]; Ng v. Superior Court (1992) 4 Cal.4th 29, 35 [13 Cal. Rptr.2d 856, 840 P.2d 961]; Bay Development, Ltd. v. Superior Court, supra, 50 Cal.3d at p. 1024.) Third, the parties should be afforded the opportunity to orally argue the cause. (Kowis v. Howard, supra, 3 Cal.4th at p. 894.) Fourth, the case should be resolved by a written opinion. (Id. at pp. 894-895; People v. Medina, supra, 6 Cal.3d at pp. 489-491.)
*315 These procedural requirements which insure resolution of the disputed order pursuant to section 366.21 on the merits are fully consistent with the process envisioned by the Legislature as reflected in legislative committee reports. Given the ambiguity of the phrase "on their merits" in section 366.26, subdivision (l)(4)(B), it is appropriate to review contemporaneous legislative committee and floor reports to verify the Legislature's intent, which we have a duty to effectuate. (Freedom Newspapers, Inc. v. Orange County Employees Retirement System, supra, 6 Cal.4th at p. 826; City of San Jose v. Superior Court (1993) 5 Cal.4th 47, 54 [19 Cal. Rptr.2d 73, 850 P.2d 621].) On May 10, 1994, when Senate Bill No. 1531, which ultimately became section 366.26, subdivision (l) was before the upper house, a report indicated the following: "This bill would provide that, as to an order for a hearing on the termination of parental rights in a dependency proceeding, if a petition for extraordinary writ is timely filed and supported by an adequate record, the [C]ourt of [A]ppeal shall consider and decide the matter on the merits after first providing the other parties with an opportunity to respond." (Sen. Rules Com., Office of Sen. Floor Analyses, Rep. on Sen. Bill No. 1531 (May 10, 1994) p. 2 (1994 Reg. Sess.) After passage by the Senate, a report prepared for the Assembly Committee on Judiciary stated: "Requires the appellate court to issue an order to show cause, provide the other party with an opportunity to respond, provide for an expedited hearing, consider and decide the matter on the merits and issue a written opinion." (See Assem. Com. on Judiciary, Rep. on Sen. Bill No. 1531 (July 6, 1994) p. 2 (1994 Reg. Sess.).) Similar language concerning the use of the order to show cause procedure, resolution on the merits, and the issuance of an opinion appeared in reports prepared for the Senate after amendments in the Assembly (see Rep. on Sen. Bill No. 1531 Prepared for Sen. Third Reading (Aug. 9, 1994) p. 3 (1994 Reg. Sess.)), for use on the floor by Assembly members after further Senate amendments (see Rep. on Sen. Bill No. 1531 prepared for Assem. Floor Action (Aug. 12, 1994) p. 1 (1994 Reg. Sess.)); and for use during debate on August 26, 1994 (see Rep. on Sen. Bill No. 1531, Office of Sen. Floor Analyses (Aug. 25, 1994) p. 2 (1994 Reg. Sess.)).
We recognize that the procedure set forth in the court rules is slightly different from that envisioned by the Legislature. The court rules are consistent with the Legislature's goal of resolution on the merits to the extent they afford the parties an opportunity to brief the issues and provide for oral argument. (Rule 39.1B(a), (k), (m), and (o).) The court rules do not require the issuance of an order to show cause[3] or the filing of an opinion. However, in deference to the clear legislative intent reflected in Assembly and Senate *316 committee reports as well as the Legislature's intention that writ petitions challenging an order pursuant to section 366.21 be resolved on the merits, this division will utilize the order to show cause procedure and issue opinions. If the Legislature had indicated the order to show cause procedure was not to be used and no opinion need be filed, we would abide by that intent. However, the aforementioned California Supreme Court authority indicates that on the merits writ review occurs when the order to show cause or alternative writ of mandate procedure is followed by oral argument and an opinion. Hence, this division will in the future follow the procedure outlined in this opinion. In the present case, we issued an order to show cause and allowed the parties to orally argue the cause.

V. THE MERITS
(2) The parents' challenge to the order pursuant to section 366.21, setting a hearing where possible termination of parental rights could occur in compliance with section 366.26, is without merit. We review the correctness of an order pursuant to section 366.21 to determine if it is supported by substantial evidence. (In re Joanna Y. (1992) 8 Cal. App.4th 433, 439 [10 Cal. Rptr.2d 422]; In re Mario C. (1990) 226 Cal. App.3d 599, 605 [276 Cal. Rptr. 548].) The evidence was as follows: the father had engaged in assaultive conduct in the presence of Brittany L. and Shaundra L.; the mother and the father were drug abusers; the parents would run out of money and there would be no food in the family home; on November 28, 1992, two siblings were suffering from "severe dental decay" and Shaundra L. was "afflicted with thrush, severe diaper rash and a yeast infection"; on December 10, 1992, there was evidence discovered by child protective services employees in Kern County of drug abuse on the part of Mindy B.; the mother and the children were being kept in Kern County in filthy conditions; on December 10, 1992, Shaundra L. "was still plagued by severe diaper rash and thrush"; on January 16, 1993, the minors were found to be ill and in filthy living conditions while in the custody of Mindy B.; at the time of the disposition hearing in February, 1993, the father was in custody on drug and battery on a police officer charges; when David L. was released from custody, he moved back in with the minors; on February 22, 1993, a violent domestic dispute left the family residence "a mess"; after the second amended petition was sustained, the parents failed to comply with specific *317 directions to participate in counseling and treatment programs for themselves and the children; shortly thereafter, the parents abdicated any parenting responsibilities by having relatives take care of the children; and a social worker's report filed April 8, 1993, recommended against permitting the children to remain with the parents. On April 8, 1993, the minors were ordered removed from the parents' custody.
A report prepared on July 29, 1993, indicated the parents had visited with Shaundra L. and, after the visit, the child's diapers had not been changed. During the visit, Shaundra L. was driven in an automobile without a car seat. Also, David L. had lost his temper in front of the children during a monitored visit and on another occasion had attempted to remove Shaundra L. from the residence of the foster parent. A report prepared on September 13, 1993, indicated the following: although the parents attended some treatment sessions, they had missed a substantial number of appointments; the father was diagnosed as "a very mad, angry individual" who "may have [a] borderline personality disorder"; the mother, Mindy B. was diagnosed as "depressed and manic"; the mother had not visited with the children since July, 1993; and Shaundra L. had been diagnosed as exhibiting "failure to thrive" but had made "great advances" while in foster care. In a report prepared on December 29, 1993, it was noted: David L. had attempted to intimidate a foster parent; he had made threats in connection with future dependency review proceedings as well as at his own mother; and that visits with David L. and the children should be monitored. A report prepared on March 2, 1994, stated that the parents had not completed court ordered counseling and parenting classes.
A judicial review report prepared for a hearing on April 7, 1994, indicated: the parents' visits with the children had been "sporadic and late"; they had failed to appear for scheduled visits; during one visit, David L. sulked; David L. had angrily threatened his mother who was caring for Brittany L. and to kill a social worker; the behavior of David L. and Mindy L. was "erratic and unpredictable"; and the minors would return from unmonitored visits with facial injuries. The report further indicated that David L. had not completed the required parenting classes and had failed to even enroll in a counseling program.
The situation continued to deteriorate. In a report prepared for a September 26, 1994, hearing, it was indicated both parents had failed to visit Brittany L. and the visits with Shaundra L. were sporadic. Further, the parents had failed to participate in the counseling and family violence programs which were part of the reunification plan. In a January 20, 1995, report, it was indicated that the social worker could not verify that David L. *318 was attending the required programs. Further, it was verified Mindy B. was not attending the required parenting classes.
The foregoing constituted substantial evidence sufficient to support the order to conduct a hearing pursuant to section 366.26. Pursuant to section 366.21, subdivision (a), the trial court could determine: return of the minors to the parents would be detrimental to physical and emotional well-being of the children; the parents had failed to participate in court ordered treatment programs designed to reunify the family; the department of children's services had provided the parents with the opportunity to participate in reunification services and programs; to lawfully terminate the reunification services which were being ignored by the parents; and that the minors are adoptable. Accordingly, because substantial evidence supports the determination pursuant to section 366.21 to hold the hearing described in section 366.26, the petitions must be denied.

VI. DISPOSITION
The petitions are denied on the merits.
Armstrong, J., and Godoy Perez, J., concurred.
NOTES
[1] All future references to a rule are to the California Rules of Court.
[2] Unless otherwise indicated, all future references to section are to the Welfare and Institutions Code.
[3] The purpose of the order to show cause process is to insure the opportunity of the real party in interest to file a brief. The court rules grant the "respondent" the right to file a brief but make no reference to the real party in interest, which in this case is the department of children's services. (Rule 39.1B(k).) This may be an oversight; nevertheless, assuming the reference in rule 39.1B(k) to the right to file a brief on the part of the respondent is to include the real party in interest, the court rules provide for briefing on the merits without the necessity of an order to show cause. We have determined to use the order to show cause process because it was the methodology envisioned by the Legislature and is consistent with the manner in which our Supreme Court has defined "on the merits" review of writ petitions. (Bay Development Ltd v. Superior Court, supra, 50 Cal.3d at p. 1024.)