Filed: 2/11/15  J.N. v. Super. Ct. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| J.N., | B258510 |
| Petitioner, | (Los Angeles County Super. Ct. No. CK71877) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDING.  Carlos R. Vazquez, Judge.  Petition denied.

Law Office of Marlene Furth, Melissa A. Chaitin and Vanessa Miranda, for Petitioner.

No appearance for Respondent.

Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Sarah Vesecky, Deputy County Counsel, for Real Party in Interest Los Angeles County Department of Children and Family Services.

Janet G. Sherwood, for Real Parties in Interest K.S. and T.S.

J.N., the presumed father of the child, A.N. has filed an extraordinary writ petition pursuant to California Rules of Court, rule 8.452. The father seeks to set aside an order setting the dependency proceedings for a Welfare and Institutions Code section 3.266 parental termination rights hearing. We deny the petition.

The extraordinary writ petition has no merit because there is substantial evidence placing the child with the father would create a substantial risk of detriment to her safety. (Welf. & Inst. Code, § 366.22, subd. (a).) We review the father's contention for substantial evidence. (*Angela S. v. Superior Court* (1995) 36 Cal.App.4th 758, 763; *In re Shaundra L.* (1995) 33 Cal.App.4th 303, 306-316.) Substantial evidence supports the juvenile court's express and extensive "substantial risk of detriment" findings. There is evidence: the father has an extensive criminal record; the father is a "recovering" substance abuser but was discovered in the presence of alcohol during a July 27, 2014 unannounced home visit; during that home visit, the child had not been fed or provided anything to drink for 13 hours; the father refused to take steps to protect the child from her allergy to various nuts as evidenced during the unannounced July 19, 2014 home visit; the child had adverse post-visit reactions to visits with the father; and as late as July 29, 2014, the father failed to appear for a drug test.

The father cites evidence which shows a minimal level of responsible conduct on his part. The evidence cited by the father further supports the juvenile court's finding that he complied the case plan. But our Supreme Court has held that it is improper for a Court of Appeal to reweigh evidence under these circumstances. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 320-321; *Constance K. v. Superior Court* (1998) 61 Cal.App.4th 689, 705 ["In the presence of substantial evidence, appellate justices are without the power to reweigh conflicting evidence and alter a dependency court determination."].)

2

The extraordinary relief writ petition is denied.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

TURNER, P. J.

We concur:

MOSK, J.

GOODMAN, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.