[No. F023125. Fifth Dist. June 2, 1995.]

STEVE J., Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES, Real Party
In Interest.

**COUNSEL**

Jose R. Villarreal, Public Defender, and Nancy Schultz, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Phillip S. Cronin, County Counsel, and William G. Smith, Deputy County Counsel, for Real Party in Interest.

## OPINION

**ARDAIZ, P. J.**—Petitioner Steve J. seeks extraordinary writ review (Welf. & Inst. Code,[1] § 366.26, subd. (*l*); Cal. Rules of Court, rule 39.1B) from respondent court's order that a section 366.26 hearing be held June 13, 1995. He contends he received inadequate services for the purpose of reunifying with his dependent child, Jason J. On review, we find respondent did not err in finding petitioner received reasonable reunification services and in consequently setting the matter for a section 366.26 hearing. We also take this opportunity to address and focus attention on the recently adopted section 366.26, subdivision (*l*) and the rule implementing it, California Rules of Court, rule 39.1B (Rule 39.1B).

### FACTS

In November 1993, respondent adjudged minor Jason J., born September 20, 1993, a dependent child of the court pursuant to section 360, subdivision (c). Respondent previously determined Jason came within its jurisdiction under section 300, subdivisions (b), (g) and (j). Specifically, the court found:

"COUNT b-1: Patina [R.], the mother of said minor, abuses and has a history of abusing a controlled substance including but not limited to cocaine, that negatively affects her ability to provide adequate shelter, care, supervision and protection of said minor in that on or about September 21, 1993, said minor was born testing positive for cocaine.

"COUNT b-2: Patina [R.], the mother of said minor, is unable to provide clothing, food and shelter for said minor. On or about September 21, 1993, Ms. [R.] stated she had no provisions for said minor.

"⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅

"COUNT g-1: Steve [J.], the father of said minor, has failed to present a suitable plan for the care, supervision, protection and support of said minor.

"⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅ ⋅

"COUNT j-1: Steven [J.], the sibling of said minor, was adjudged a dependent of the Fresno County Juvenile court on August 25, 1992, due to Ms. [R.]'s substance abuse and resulting neglect indicated by a diagnosis of failure to thrive. A substantial risk exists that said minor will be neglected if he is returned to his mother."

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

As of the November 1993 disposition hearing, petitioner reported he did not have a permanent home; he was living with a friend in Fresno. Further, the father had no source of income nor did he have plans for his newborn son's care. Petitioner intended, though, to enter parenting classes at Comprehensive Youth Services. Based on this and other evidence relative to the mother, respondent court found Jason's welfare required that he be removed from parental custody pursuant to section 361, subdivision (b)(1).[2]

Accordingly, the court ordered reunification services for each parent. (§ 361.5, subd. (a).) With respect to petitioner, the service plan included reasonable visitation, his participation in parenting classes and Jason's medical treatment, and his maintenance of suitable and stable housing.

Respondent conducted a status review hearing on July 15, 1994. The social worker's report revealed the father had not started parenting classes nor had he visited with Jason. Real party in interest department of social services (Department) was recently informed petitioner had been arrested in November 1993 and remained in custody since then, first in Fresno County and later at Wasco State Prison. He was transferred to Soledad State Prison in early May.

The court found reunification services had been offered. However, the parents' failure to participate in the service plan was prima facie evidence that return of Jason to either parent would be detrimental to the child. Accordingly, the court found it appropriate that Jason remain in out-of-home placement. Respondent ordered continued reunification services. It also directed real party in interest to facilitate monthly visits and telephone contact between petitioner and his son.

Respondent conducted a second status review hearing February 3, 1995. Since the preceding status review, petitioner had visits with Jason as arranged by the child's care provider. The father, however, was unable to attend parenting classes due to his imprisonment. His release date was uncertain. Real party in interest recommended the court find the parents' failure to fully participate in the service plan was prima facie evidence that return of Jason to parental custody would create a substantial risk of detriment to him. It also recommended the court terminate reunification services and authorize the development of a permanent plan for Jason.

Petitioner did not attend the February hearing; he refused transportation. His counsel, however, represented she could proceed without him. Counsel for petitioner submitted on the report and recommendation.

---

[2]Because the mother has not petitioned this court for relief, the record to the extent it relates to the mother is not summarized.

Respondent court found: (a) conditions still existed which justified its assumption of jurisdiction; (b) there was a continuing necessity for Jason's out-of-home placement; (c) his parents failed to participate in court-ordered treatment programs such that return would be detrimental to Jason; (d) there was no likely date when he would be returned to the home of a parent; (e) there was no substantial probability that could occur within the next six months; and (f) reasonable services had been offered to the family but those services were to no avail. It in turn terminated reunification services and set the matter for a section 366.26 hearing on June 13, 1995. When the court asked counsel for petitioner if there was anything further, counsel remarked: "No, Your Honor, just for the record, for the Appellate record, I would take exception to the Court's statement that srevices [*sic*] to my client were appropriate, but that's just for the record."

Petitioner by his trial counsel filed a timely notice of intent and petition for extraordinary writ.

DISCUSSION

I. *Rule 39.1B*

As we noted at the outset of our opinion, the father brings his petition for extraordinary writ relief pursuant to section 366.26, subdivision (*l*). Last year, the Legislature enacted and amended section 366.26, subdivision (*l*) which effectively abrogated the holding in *In re Matthew C.* (1993) 6 Cal.4th 386 [24 Cal.Rptr.2d 765, 862 P.2d 765].[3] (Stats. 1994, ch. 324, §§ 1, 2; Stats. 1994, ch. 1007, § 2.) Section 366.26, subdivision (*l*) provides: "(1) An order by the court that a hearing pursuant to this section be held is not appealable at anytime unless all of the following applies:

"(A) A petition for extraordinary writ review was filed in a timely manner.

"(B) The petition substantively addressed the specific issues to be challenged and supported that challenge by an adequate record.

"(C) The petition for extraordinary writ review was summarily denied or otherwise not decided on the merits.

---

[3]In *Matthew C.*, our state Supreme Court interpreted then section 366.26, subdivision (k) to permit, on appeal from a section 366.26 order, review of findings subsumed within the decision to set a section 366.26 hearing. (*In re Matthew C., supra,* 6 Cal.4th at p. 399.) According to the court, section 366.26, subdivision (k) simply eliminated appeals from an order setting a section 366.26 hearing. (*In re Matthew C., supra,* 6 Cal.4th at pp. 399-400.) Former section 366.26, subdivision (k) provided: "[a]n order by the court directing that a hearing pursuant to this section be held is not an appealable order, but may be the subject of review by extraordinary writ."

"(2) Failure to file a petition for extraordinary writ review within the period specified by rule, to substantively address the specific issues challenged, or to support that challenge by an adequate record shall preclude subsequent review by appeal of the findings and orders made pursuant to this section.

"(3) The Judicial Council shall adopt rules of court, effective January 1, 1995, to ensure all of the following:

"(A) A trial court, after issuance of an order directing a hearing pursuant to this section be held, shall advise all parties of the requirement of filing a petition for extraordinary writ review as set forth in this subdivision in order to preserve any right to appeal in these issues. This notice shall be made orally to a party if they are present at the time of the making of the order or by first-class mail by the clerk of the court to the last known address of a party not present at the time of the making of the order.

"(B) The prompt transmittal of the records from the trial court to the appellate court.

"(C) That adequate time requirements for counsel and court personnel exist to implement the objective of this subdivision.

"(D) That the parent or guardian, or their trial counsel or other counsel, is charged with the responsibility of filing a petition for extraordinary writ relief pursuant to this subdivision.

"(4) The intent of this subdivision is to do both of the following:

"(A) Make every reasonable attempt to achieve a substantive and meritorious review by the appellate court within the time specified in Sections 366.21 and 366.22 for holding a hearing pursuant to this section.

"(B) Encourage the appellate court to determine all writ petitions filed pursuant to this subdivision on their merits.

"(5) This subdivision shall only apply to cases in which an order to set a hearing pursuant to this section is issued on or after January 1, 1995."

 While the expedited process envisioned by section 366.26, subdivision (*l*) is entitled an extraordinary writ proceeding, it is in reality a hybrid, an amalgam of writ and appellate procedures. Certainly the most notable difference between Rule 39.1B proceedings and original proceedings for

writs of mandate, certiorari and prohibition which supports this view is the legislative encouragement in section 366.26, subdivision (*l*) for a reviewing court to decide such petitions "on their merits." (§ 366.26, subd. (*l*)(4)(B).) By contrast, the Legislature has not urged on the merits review in original proceedings for writs of mandate, certiorari and prohibition. Instead, reviewing courts routinely employ discretionary grounds to deny relief sought in such original proceedings.[4] The Legislature has mandated as well the juvenile court's advisement of rights under section 366.26, subdivision (*l*), akin to an advisement of appellate rights, and the implementation of time requirements for these proceedings, something which is required in matters of appellate review, but not writ proceedings.

Pursuant to its legislative mandate, the Judicial Council has drafted and adopted Rule 39.1B to implement section 366.26, subdivision (*l*). The procedures set forth in Rule 39.1B follow the Legislature's lead by adapting rules of both writ and appellate procedure for use in these cases. For example, the Judicial Council has adopted a "notice of intent" procedure, similar to that of a notice of appeal. Also, it has established a timetable, something which does not exist in other original proceedings, to ensure timely resolution of these matters before the juvenile court conducts its section 366.26 hearing.

As we see it, the goal of section 366.26, subdivision (*l*) and Rule 39.1B is for the reviewing courts to avoid the use of discretionary grounds to deny relief, assuming specific conditions precedent are met, and decide cases "on their merits" as if it were a direct appeal. Those conditions precedent are that the petitioner: file in a timely manner the petition for extraordinary writ review; substantively address in the petition the specific issues to be challenged; and support that challenge by an adequate record. (§ 366.26, subd. (*l*)(1)(A) & (B).)

We note another appellate court might disagree with our view of Rule 39.1B proceedings as a hybrid mix of writ and appellate procedures. In *In re Shaundra L.* (1995) 33 Cal.App.4th 303 [39 Cal.Rptr.2d 299], a division of the Second District found the use of the language "on their merits" "somewhat ambiguous as it relates to the procedures to be followed by Courts of Appeal in reviewing mandate petitions seeking review of orders pursuant to section 366.21." (*Id.* at p. 313.) Consequently, the court looked to case law regarding mandate petitions from our state Supreme Court to interpret section 366.26, subdivision (*l*). (33 Cal.App.4th at pp. 313-314.) The *Shaundra L.* court concluded: ". . . the Legislature intended that the following

---

[4]The problem of summary denials arose under the former section 366.26, subdivision (k). (*In re Matthew C.*, *supra*, 6 Cal.4th 386, 404 (dis. opn. of Panelli, J.).)

occur in order to secure a review on the merits of a dependency court decision pursuant to section 366.21 to set the cause for the hearing envisioned by section 366.26. First, the parties must be given the opportunity to fully brief the cause. (*Kowis* v. *Howard* [(1992)] 3 Cal.4th [888,] at p. 894 [12 Cal.Rptr.2d 728, 838 P.2d 250].) Second, absent an emergency, a concession of error, or a showing the petitioner's entitlement to relief is so obvious that no purpose would be served by full consideration of the petition, an alternative writ or order to show cause should issue. [Citations.] Third, the parties should be afforded the opportunity to orally argue the cause. (*Kowis* v. *Howard, supra,* 3 Cal.4th at p. 894.) Fourth, the case should be resolved by a written opinion. [Citations.]" (*In re Shaundra L., supra,* 33 Cal.App.4th at p. 314.)

In particular, the *Shaundra L.* court took exception to Rule 39.1B which does not specifically require the issuance of an order to show cause. (*In re Shaundra L., supra,* 33 Cal.App.4th at pp. 315-316.) As discussed below, we disagree with *Shaundra L.*'s conclusion that an alternative writ or order to show cause must necessarily issue in these cases.

First, in *Bay Development, Ltd.* v. *Superior Court* (1990) 50 Cal.3d 1012, 1024 [269 Cal.Rptr. 720, 791 P.2d 290], the Supreme Court held ". . . the order of the Court of Appeal setting this matter for oral argument must properly be treated as the issuance of 'an alternative writ or order to show cause' for purposes of rule 24(a)." In essence, the Supreme Court ruled the issuance of a notice setting oral argument was sufficient to bring that case within the category of dispositions it characterized as "grant[ing] a hearing on the merits by issuing an alternative writ or order to show cause." (*Ibid.*) Thus, *Bay Development* compels a conclusion that a notice setting a case for oral argument is as effective as, if not equivalent to, an alternative writ or order to show cause in terms of setting up a writ petition for a decision on its merits.

 Second, in traditional writs, an alternative writ or order to show cause and oral argument are conditions precedent to an opinion becoming law of the case. (*Kowis* v. *Howard* (1992) 3 Cal.4th 888, 894 [12 Cal.Rptr.2d 728, 838 P.2d 250].) However, courts have inherent power in such writs to decide the merits without the issuance of such orders. The Supreme Court has recognized and implicitly approved as an established practice that writs may be considered on their merits and yet summarily denied without an opinion, oral argument or the issuance of an alternative writ or order to show cause. (Cf. *Kowis* v. *Howard, supra,* 3 Cal.4th at p. 894; *People* v. *Medina* (1972) 6 Cal.3d 484 [99 Cal.Rptr. 630, 492 P.2d 686].) The primary purpose of the requirement of such formal orders and oral arguments is to ensure that

a pretrial appellate decision does not become law of the case unless the parties have an adequate opportunity to participate in the decisionmaking process. (*Kowis* v. *Howard, supra,* 3 Cal.4th at p. 894.)

However, the Legislature, by its enactment of section 366.26, subdivision (*l*), has foreclosed the right to appeal from the findings and orders of the juvenile court in a section 366.26 hearing unless certain conditions are met. (See § 366.26, subd. (*l*)(1) & (2).) In so doing, the Legislature has rendered the "law of the case" doctrine irrelevant to dependency writ proceedings resulting from orders setting a section 366.26 hearing.

Third, it is clear from case law, such as *Tex-Cal Land Management, Inc.* v. *Agricultural Labor Relations Bd.* (1979) 24 Cal.3d 335, 347 [156 Cal.Rptr. 1, 595 P.2d 579], that the Legislature has the power to create new types of writ proceedings which have both procedural and substantive characteristics which are not found in traditional writs. As noted above, the writ proceedings created by Rule 39.1B is such a hybrid, combining qualities of a writ and an appeal. Insofar as the new rule does not provide for the issuance of an alternative writ or order to show cause, it has in essence adopted that aspect of an appeal in which neither order issues. In an appeal the reviewing court merely sends notice of the oral argument date. The fact that Rule 39.1B adopts the appellate practice of issuing a notice setting oral argument is a determination to which the courts should defer. (Cf. *Tex-Cal Land Management, Inc., supra,* 24 Cal.3d 335.)

Fourth, the Legislature delegated the task of creating the procedures set forth in Rule 39.1B to the Judicial Council which decided not to adopt the procedural formality of issuing alternative writs or orders to show cause. (§ 366.26, subd. (*l*)(3).) The more informal procedure of merely issuing notices of the oral argument is entirely consistent with the purpose of section 366.26, subdivision (*l*). Reduced formality and procedural hurdles increase the flexibility courts have to reach the most expeditious disposition on a case by case basis. Further, since Rule 39.1B contemplates parties without the assistance of counsel may file petitions, the absence of unnecessary procedural formalities minimizes the possibility such parties may be confused or intimidated by the process.

Finally, we note in passing that according to Rule 39.1B(k), "[a]ny respondent's brief shall be served and filed within 10 days after the filing of the writ petition or within 10 days of receiving a request for a response from the reviewing court, unless a shorter time is designated by the court." The respondent in these cases is the superior court while the department or

agency which advocates the selection of a permanent plan for the child is a real party in interest. We assume the reference to "any respondent's brief" in Rule 39.1B(k) is an oversight; we will interpret it to mean *any response or opposition*, whether it be filed by the respondent court or a real party in interest. In addition, Rule 39.1B(o) requires oral argument in these cases. Thus, the real party in interest has an opportunity not only to brief but to orally argue the matter. Once again, while references in the rule to a respondent's brief and oral argument smack of an appeal, we see nothing wrong with the Judicial Council's incorporation of these features into Rule 39.1B. They afford a real party in interest an opportunity to respond. If a real party does not exercise the opportunity, that is its choice.

We therefore hold: the issuance of an alternative writ or order to show cause is not required in proceedings under Rule 39.1B in order to reach the merits; and this court follows the mandate of Rule 39.1B in order to minimize procedural complexities in these new proceedings.

## II. *Reunification Plan*

██ Petitioner contends respondent adopted an inadequate reunification plan for his benefit. He claims the requirement that he participate in parenting classes would not have eliminated the conditions which led to the dependency finding. (*In re Dino E.* (1992) 6 Cal.App.4th 1768 [8 Cal.Rptr.2d 416].) ██ The law requires a good faith effort to develop and implement a family reunification plan (*In re John B.* (1984) 159 Cal.App.3d 268, 275 [205 Cal.Rptr. 321]) with services tailored to suit the needs of the parents (*In re Kristin W.* (1990) 222 Cal.App.3d 234, 254 [271 Cal.Rptr. 629]).

██ As a preliminary matter, the Department urges this court to find the father was never entitled to services because he was not the child's presumed father. Therefore, according to the Department, the father should not be permitted now to challenge, as he does, the reasonableness of the services he received. As discussed below, this is neither the appropriate time nor place for such a claim.

The Department never disputed the father's right to services on this or any other ground in the juvenile court. Failure to preserve an issue in the trial court by means of an appropriate request ordinarily will preclude a party from raising the point on appeal. (*People v. Capps* (1989) 215 Cal.App.3d 1112, 1118 [263 Cal.Rptr. 791].) It is unfair to the trial court and the adverse party to give appellate consideration to an alleged procedural defect which could have been presented to, and may well have been cured by, the trial

court. (*Menefee* v. *County of Fresno* (1985) 163 Cal.App.3d 1175, 1182 [210 Cal.Rptr. 99].) If we were to examine the issue now raised by the Department, we would in effect sanction a practice of allowing a party to keep its legal contentions secret during trial and later pursue a theory on appeal never tendered to the trial court. (See *Null* v. *City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1535 [254 Cal.Rptr. 492].)

 Returning to the merits, respondent adopted the reunification plan which included a parenting class element as part of its November 1993 disposition. A dispositional order constitutes an appealable judgment. (§ 395; *In re Eli F.* (1989) 212 Cal.App.3d 228, 233 [260 Cal.Rptr. 453].) Appellate jurisdiction to review an appealable judgment or order depends upon a timely notice of appeal. (*In re Elizabeth G.* (1988) 205 Cal.App.3d 1327, 1331 [253 Cal.Rptr. 161].) A challenge to the most recent order entered in a dependency matter may not challenge prior orders for which the statutory time for filing an appeal has passed. (*In re Elizabeth M.* (1991) 232 Cal.App.3d 553, 563 [283 Cal.Rptr. 483].) Here, the father never appealed from the dispositional order. The order adopting the reunification plan has long since become final. (*In re Matthew C., supra,* 6 Cal.4th at p. 393.) Therefore, petitioner has waived the opportunity to complain that the plan as ordered by the court was unreasonable.

Further, the fact that the Legislature has adopted section 366.26, subdivision (*l*) does not breathe life into his reunification plan argument. The writ procedure outlined in section 366.26, subdivision (*l*) and implemented in Rule 39.1B enables a party, presumably a parent or guardian, to obtain expeditious review of the findings and orders of the juvenile court in setting a section 366.26 hearing. (Rule 39.1B(d).) It does not impact the appealability of a court's prior orders for services; those remain appealable as dispositional and postdispositional orders. (§ 395.) If, however, the parent or guardian does not challenge an order for services in a timely fashion, they may not raise the issue when reunification is terminated. (*In re Elizabeth M., supra,* 232 Cal.App.3d at p. 563.) The enactment of section 366.26, subdivision (*l*) and the rule of court does not change this rule of appellate review.

III. *Services Provided*

 The father also argues the Department provided him with inadequate services given his incarceration for the vast majority of the reunification period. Thus, petitioner attacks respondent's findings made at both status review hearings that reasonable services were provided.

To the extent petitioner attacks the finding made at the July 1994 hearing, he has once again waived his argument by his inaction. According to section

395, any order subsequent to a juvenile court's disposition order may be appealed from as an order after judgment. (*In re Eli F., supra,* 212 Cal.App.3d at p. 233.)[5] As was the case with the disposition order, the father did not appeal from the findings and orders made at the July 1994 hearing. The reasonable services finding and consequential order continuing the provision of services have long since become final. Therefore, petitioner has waived the opportunity to complain of inadequate services between November 23, 1993, when the court first ordered the Department to provide services and July 15, 1994.

As to the period between July 15, 1994, and February 3, 1995, when the court terminated reunification services, it appears respondent court properly found the Department provided reasonable services. As a preliminary matter, it should be reiterated that counsel for petitioner submitted the matter on the Department's report and recommendation. By submitting on the report, she agreed, on her client's behalf, to the court's consideration of such information as the only evidence in the matter and implicitly represented she had no evidence in support of her client's position to present. Under such circumstances, the court will not consider any other evidence in deciding the issues raised. (*In re Richard K.* (1994) 25 Cal.App.4th 580, 589 [30 Cal.Rptr.2d 575]; *In re Tommy E.* (1992) 7 Cal.App.4th 1234, 1238 [9 Cal.Rptr.2d 402].) Likewise, this court may not consider the representations that petitioner now makes about the evidence.

According to the report, petitioner had visits with Jason as arranged by the child's care provider. The father, however, was unable to attend parenting classes due to his imprisonment. It was also noted that his release date was uncertain. This was the extent of the evidence provided vis-à-vis the father. Nevertheless, he now claims: no telephone contact was facilitated; there were an insufficient number of visits; and services to extended family members were not provided.[6]

There is no record to support petitioner's claims. Instead, he would have this court speculate about the absence of services because there was no reference in the report to telephone contact, the number of visits and services for extended family members. According to petitioner's reasoning, we should infer from the limited record a lack of services. Notably, he cites no authority for such an approach.

---

[5]There is, of course, one exception to this rule but it is irrelevant to the six-month review in this case. Under section 366.26, subdivision (*l*), there is no direct right of appeal when the court orders that a section 366.26 hearing be held.

[6]Services provided to an incarcerated parent may include collect phone calls, transportation where appropriate and visitation where appropriate. (§ 361.5, subd. (e)(1).) An incarcerated parent may be required to attend prison counseling, parenting classes, or vocational training if these programs are available. (*Ibid.*)

It is not this court's function to play guessing games about evidence not in the record which may or may not have existed. ■ The rule is well settled that in examining the sufficiency of the evidence to support a questioned finding, the appellate court must accept as true all evidence tending to establish the correctness of the finding as made, taking into account, as well, all inferences which might reasonably have been thought by the trial court to lead to the same conclusion. (*Bancroft-Whitney Co.* v. *McHugh* (1913) 166 Cal. 140, 142 [134 P. 1157].) There is no corollary to this rule which authorizes a reviewing court to draw inferences from the absence of evidence to overturn the questioned finding.

■ If it was the father's position that he did not receive certain services to which he was entitled, he should have cross-examined the social worker who prepared the report or introduced his own evidence on the issue rather than submit on the report. In addition, for him to now make this argument amounts to nothing more than an attempted sandbagging of the trial court. This we cannot tolerate. (*In re Richard K.*, *supra*, 25 Cal.App.4th at p. 590.)

One final concern. As previously noted, counsel for petitioner also submitted on the social worker's recommendation which in relevant part provided that the court terminate reunification services. In *In re Richard K.*, *supra*, 25 Cal.App.4th at page 589, this court held a submittal on a social worker's recommendation dispels any challenge to and, in essence, endorses the court's issuance of the recommended findings and orders. Consequently, a parent who submits on a recommendation waives his or her right to contest the juvenile court's decision if it coincides with the social worker's recommendation. (*Id.* at p. 590.) In this case, counsel for the parent, after submitting on the recommendation, took exception to the court's finding of reasonable services. Because of counsel's mixed message, we will not find she waived all issues on her client's behalf. Nevertheless, we reiterate for the benefit of all concerned the consequences of an unequivocal submission on the merits.

The petition is denied.

Dibiaso, J., and Harris, J., concurred.