[No. B093018. Second Dist., Div. Five. Jan. 4, 1996.]

In re KEVIN S., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, Plaintiff and Respondent, v.
SARA W., Defendant and Appellant.

884

## COUNSEL

Paula C. Mendell, under appointment by the Court of Appeal, for Defendant and Appellant.

De Witt Clinton, County Counsel, Joe Ben Hudgens, Deputy County Counsel, Jones, Day, Reavis & Pogue, Elwood Lui, Laura A. Matz and Michelle Nuszkiewicz for Plaintiff and Respondent.

## OPINION

**TURNER, P. J.**—This appeal is from dependency proceedings under the Welfare and Institutions Code.[1] Sara W. appeals from an order appointing the foster parents of her minor son, Kevin S., as his legal guardians.

---

[1] All statutory references are to the Welfare and Institutions Code.

(§ 366.26.) She argues the court erred in referring this case to a section 366.26 hearing after finding, at a combined 12- and 18-month review hearing, reasonable efforts to reunite her with the minor had *not* been made. We find the issue has been waived. Accordingly, we affirm.

■ Preliminarily, we must address appealability. The department of children and family services (DCFS) contends the order terminating reunification services is not cognizable on appeal from an order pursuant to section 366.26. The DCFS cites section 366.26, subdivision (*l*)(1), which provides an order setting a section 366.26 hearing is not appealable unless a timely writ petition has been filed and not decided on the merits. However, section 366.26, subdivision (*l*)(1) does not apply to cases in which the order setting a section 366.26 hearing was issued prior to January 1, 1995. (§ 366.26, subd. (*l*)(5).) The order setting the section 366.26 hearing in the present case was issued on March 7, 1994. Therefore, this case is not governed by section 366.26, subdivision (*l*)(1). Moreover, under *In re Matthew C.* (1993) 6 Cal.4th 386, 399 [24 Cal.Rptr.2d 765, 862 P.2d 765], and former section 366.26, subdivision (k),[2] an order setting a section 366.26 hearing (and findings subsumed within that decision) entered prior to January 1, 1995, is subject to review on appeal from a section 366.26 order. (*In re David H.* (1995) 33 Cal.App.4th 368, 385, & fn. 10 [39 Cal.Rptr.2d 313]; see *Robin V.* v. *Superior Court* (1995) 33 Cal.App.4th 1158, 1160-1161, fn. 1 [39 Cal.Rptr.2d 743]; *In re Shaundra L.* (1995) 33 Cal.App.4th 303, 307 [39 Cal.Rptr.2d 299].)

■ We turn to the merits of the appeal. Appellant was present and represented by counsel when the superior court terminated reunification efforts and set the matter for a section 366.26 hearing. She raised no objection. The present argument—that it was error to set the section 366.26 hearing in light of the finding reasonable reunification efforts had *not* been made—was not raised in the superior court. Appellant has waived her right to assert error on appeal as to the superior court's order setting a section 366.26 hearing by not properly raising the issue below. (*In re Anthony P.* (1995) 39 Cal.App.4th 635, 640-642 [46 Cal.Rptr.2d 107] [failure to raise sibling visitation issue in superior court]; *Steve J.* v. *Superior Court* (1995) 35 Cal.App.4th 798, 810-811 [41 Cal.Rptr.2d 731] [DCFS failure to dispute father's right to reunification services in trial court]; *In re Daniel D.* (1994) 24 Cal.App.4th 1823, 1831 [30 Cal.Rptr.2d 245] [by only seeking placement with herself in superior court, mother waived right on appeal to contend

---

[2]Subdivision (k) of former section 366.26 provided: "An order by the court directing that a hearing pursuant to this section be held is not an appealable order, but may be the subject of review by extraordinary writ." (Stats. 1989, ch. 913, § 17, p. 3169.)

child should be placed with grandmother]; *In re Mark C.* (1992) 7 Cal.App.4th 433, 446 [8 Cal.Rptr.2d 856] [father's failure to pursue issue waived claim expert psychological testimony should have been admitted at dispositional proceeding]; *In re Riva M.* (1991) 235 Cal.App.3d 403, 411-412 [286 Cal.Rptr. 592] [parent waived right to proof beyond a reasonable doubt test mandated by Indian Child Welfare Act (25 U.S.C. §§ 1901-1903) when no objection was interposed to court's use of clear and convincing evidence standard]; *In re Richard H.* (1991) 234 Cal.App.3d 1351, 1362 [285 Cal.Rptr. 917] [parent waived right to raise timeliness issues by failing to assert error in trial court]; *In re Katrina L.* (1988) 200 Cal.App.3d 1288, 1299 [247 Cal.Rptr. 754] [parent's failure to object to adequacy of oath taking waived issue]; *In re Heidi T.* (1978) 87 Cal.App.3d 864, 876 [151 Cal.Rptr. 263] [failure to object in superior court waived issue of right to separate counsel for minors].) Had appellant's objection been raised in the superior court, the court may well have entered a different order. (*Steve J.* v. *Superior Court, supra,* 35 Cal.App.4th at pp. 810-811.) It would be unfair to the trial court and the DCFS to consider this issue for the first time on appeal. (*Ibid.; In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1138 [275 Cal.Rptr. 797, 800 P.2d 1227] ["It is clearly unproductive to deprive a trial court of the opportunity to correct . . . a purported defect by allowing a litigant to raise the claimed error for the first time on appeal."].)

Furthermore, appellant submitted the matter on the *recommendations* in the social study prepared by the DCFS. The DCFS report recommended a section 366.26 hearing be set. It further recommended: "The Court find it is in the minor's best interest to consider termination of parental rights; that [the DCFS] proceed with adoptive planning and that the [section] 366.26 hearing be for the termination of parental rights." Appellant did not introduce any evidence at the hearing and did not offer any argument. By submitting the matter on the DCFS's recommendation a section 366.26 hearing be set, appellant waived any purported error in setting the matter for such hearing. (*In re Richard K.* (1994) 25 Cal.App.4th 580, 587-590 [30 Cal.Rptr.2d 575] [submitting to local child protective services agency's recommendation of removal of child, without introducing any evidence or offering any argument, waived issue of sufficiency of evidence to support such an order on appeal]; cf. *In re Cody W.* (1994) 31 Cal.App.4th 221, 231 [36 Cal.Rptr.2d 848] [mother waived right to challenge reunification plans by stipulating to their terms and by agreeing to the reasonableness of the reunification services provided]; see *Steve J.* v. *Superior Court, supra,* 35 Cal.App.4th at p. 813 ["a parent who submits on a recommendation waives his or her right to contest the juvenile court's decision if it coincides with the social worker's recommendation"].)

The superior court's orders terminating reunification services (March 7, 1994), appointing legal guardians of the minor, Kevin S., and issuing letters of guardianship (May 2, 1995) are affirmed.

Grignon, J., and Armstrong, J., concurred.