Filed 10/15/13  Jasmine J. v. Super. Ct. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JASMINE J., | F067941 |
| Petitioner, | (Super. Ct. No. JD127674-00) |
| v. | |
| THE SUPERIOR COURT OF KERN COUNTY, | **OPINION** |
| Respondent; | |
| KERN COUNTY DEPARTMENT OF SOCIAL SERVICES, | |
| Real Party in Interest. | |

-ooOoo-

## THE COURT\*

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Louie L. Vega, Judge.

Jasmine J., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

\*        Before Wiseman, Acting P.J., Franson, J. and Peña, J.

Jasmine J. (mother), in propria persona, filed a "Notice of Intent to File Writ Petition" (see Cal. Rules of Court, rule 8.450) after a juvenile court ordered the setting of a Welfare and Institutions Code section 366.26[1] permanency planning hearing as to her 10-year-old daughter, Kelly. Simultaneously, mother submitted a writ petition that did not comport with the procedural requirements of California Rules of Court, rule 8.452, subdivision (b).[2] Once the juvenile writ record was prepared, this court advised mother of her petition's deficiency and encouraged mother to complete and file a new petition. Mother did not file a new petition and the time to do so lapsed.

In our previous notice to mother, we added "in the event you do not file a new petition, this court shall attempt to review the petition which you attached with your Notice [of Intent]." We have consequently attempted to review mother's premature petition and will dismiss it as inadequate.

## PROCEDURAL AND FACTUAL HISTORY

In October 2011, Kern County Department of Human Services (department) placed then nine-year-old Kelly into protective custody after mother was arrested on an accessory charge (Pen. Code, § 32). Months earlier, mother's live-in boyfriend allegedly murdered their roommate in the home where Kelly also resided. At the time, mother and Kelly were living among known drug users. However, this was not the first time. Mother had a history of residing with Kelly in places where drug and criminal activities

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] The writ petition must contain a "points and authorities memorandum" that must: provide a summary of the significant facts, limited to matters in the record; state each point under a separate heading or subheading summarizing the point and support each point by argument and citation of authority; and support any references to a matter in the record by a citation to the record, explaining the significance of any cited portion of the record and note any disputed aspects of the record. (Cal. Rules of Court, rule 8.452(b).)

occurred. Mother, along with a current roommate, also smoked marijuana in front of Kelly.

These circumstances formed the basis of the department's juvenile dependency petition that alleged mother's failure to protect Kelly (§ 300, subd. (b)). At a February 2012, combined dependency jurisdictional/dispositional hearing, mother waived her rights and submitted to the petition based on a number of social worker's reports detailing the evidence supporting the petition. Thereafter, the court exercised its dependency jurisdiction over Kelly, removed her from mother's custody, and placed the child with her father. Mother did not appeal the juvenile court's disposition.

Despite court-ordered reunification services for mother, she did not make acceptable efforts to participate in services and made only minimal progress in addressing the issues that led to Kelly's removal. Because there was not a substantial probability that the child could be returned to mother's care within another six months, the juvenile court terminated reunification services for mother in December 2012. Mother did not appeal the juvenile court's order.

Meanwhile, the father's substance abuse led the juvenile court to remove Kelly from the father's custody. Although the court ordered reunification services for the father, he failed to regularly participate and make substantial progress towards reunification. As a result, the juvenile court, in August 2013, terminated reunification services for the father and set the section 366.26 hearing to select and implement a permanent plan for Kelly.

**DISCUSSION**

*Inadequate Petition*

The purpose of a writ proceeding, such as this, is to facilitate review of a juvenile court's order setting a section 366.26 hearing to select and implement a permanent plan for a dependent child. (Cal. Rules of Court, rule 8.450(a).) A court's decision is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is up to a

petitioner to raise specific issues related to the setting order and substantively address them. (§ 366.26, subd. (*l*).) This court will not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

In her premature petition mother stated there was no basis for the dependency petition and detention of her daughter. According to mother, the department lied and made false allegations. The time to raise such a claim has long since passed. A writ petition challenging a juvenile court setting order does not entitle the petitioner to go back in time and dispute prior orders for which the statutory time for filing an appeal has passed. (*Steve J. v. Superior Court* (1995) 35 Cal.App.4th 798, 811.) In addition, mother ignored her waiver of rights and submittal to the juvenile dependency petition on the basis of the social worker's reports, which supported the court's exercise of dependency jurisdiction. In other words, she expressly waived the right to contest the contents of the social worker's reports and may not do so now.

Otherwise, mother's premature petition made no claim of error as to the juvenile court's setting order. She did ask that any decision regarding her parental rights "be put on hold until after my trial takes place." Mother made no showing, however, that she was entitled to such relief as a matter of law. Accordingly, we dismiss mother's premature petition as inadequate.

## DISPOSITION

The premature petition for extraordinary writ is dismissed as inadequate. This opinion is immediately final as to this court.

4