Filed 5/9/14  David C. v. Superior Court CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| DAVID C.,<br><br>       Petitioner,<br><br>   v.<br><br>THE SUPERIOR COURT OF STANISLAUS COUNTY,<br><br>       Respondent;<br><br>STANISLAUS COUNTY COMMUNITY SERVICES AGENCY,<br><br>       Real Party in Interest. | F068903<br><br>(Super. Ct. No. 516660)<br><br><br>**O P I N I O N** |

**THE COURT***

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Ann Q. Ameral, Judge.

David C., in pro. per., for Petitioner.

No appearance for Respondent.

John P. Doering, County Counsel, and Maria Elena Ratliff, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

  *     Before Levy, Acting P.J., Kane, J., and Detjen, J.

David C. in propria persona seeks an extraordinary writ from the juvenile court's order setting a Welfare and Institutions Code section 366.26 hearing[1] as to his two-year-old daughter, Catalina, who was placed in nonrelative foster care by the Stanislaus County Community Services Agency. David contends his mother never received notice of the dependency proceedings and would like Catalina placed with her.

We conclude David fails to allege juvenile court error in his writ petition and dismiss the petition as facially inadequate under California Rules of Court, rule 8.452.

## PROCEDURAL AND FACTUAL SUMMARY

In April 2013, the Stanislaus County Community Services Agency (agency) removed then one-year-old Catalina from the custody of her mother after her mother was arrested for child endangerment, stealing electricity and cultivation of marijuana. The agency placed Catalina in nonrelative foster care. At the time, David was incarcerated on a firearm-related charge. In 2003, he was sentenced to seven years for assault with a firearm (Pen. Code, § 245, subd. (a)(2)).

The juvenile court ordered Catalina detained and set a jurisdictional/dispositional hearing (combined hearing) for May 2013. Meanwhile, in April 2013, social worker Maria Pasillas attempted to locate a relative willing to take custody of Catalina by sending a letter to 31 relatives, including David's mother, Irene G. Only one relative expressed an interest in taking custody of Catalina and that relative had a long criminal history.

In August 2013, the juvenile court declared Catalina its dependent and ordered reunification services for her mother. The court denied David reunification services under section 361.5, subdivision (b)(12) because he was convicted of a violent felony

---

**1** All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

(assault with a firearm). David did not appeal from the court's order denying him reunification services.

In its report for the six-month review hearing, the agency recommended the juvenile court terminate the mother's reunification services for noncompliance.

In February 2014, the juvenile court conducted a contested six-month review hearing. David appeared with his attorney who objected to the agency's recommendation but offered no evidence. During argument, David's attorney joined in the mother's argument for continued reunification services. There was no mention of relative placement.

At the conclusion of the hearing, the juvenile court terminated the mother's reunification services and set a section 366.26 hearing. This petition ensued.[2]

## DISCUSSION

David contends his mother, Irene, Catalina's paternal grandmother, did not receive notice from the agency that she could request custody of Catalina and claims she is willing to accept guardianship and custody. Consequently, David asks this court to remand the case for a hearing on the issue of relative placement. We decline to do so and dismiss the petition as facially inadequate.

A petition for extraordinary writ may be brought in the Court of Appeal to challenge a juvenile court's decision to set a permanency planning hearing pursuant to section 366.26. (See Cal. Rules of Court, rules 8.450-8.452.) The writ procedure, as outlined in the statute and implemented in the rules, enables a party to obtain expeditious review of the juvenile court's decision. (*Steve J. v. Superior Court* (1995) 35 Cal.App.4th 798, 811.)

---

[2]     The mother did not file a writ petition.

3

In this case, David does not contend the juvenile court erred in rendering any of its decisions as to him at the setting hearing. Rather, he merely asserts his mother was not notified she could seek custody of Catalina. This court will not independently review the appellate record for possible errors (*In re Sade C*. (1996) 13 Cal.4th 952, 994) and, in the absence of a claim of juvenile court error, we will dismiss a juvenile writ petition as facially inadequate for review.

Further, even if, for the sake of argument, we construed David's assertion as challenging the juvenile court's failure to consider his mother for placement, we would still dismiss his petition under the doctrine of forfeiture. David never raised the issue of relative placement until this writ petition, though he had several opportunities to do so. He could have, for example, raised it on appeal from the dispositional hearing or at the six-month review hearing. However, he did not. Consequently, David forfeited it for appellate review and is foreclosed from raising it now for the first time. (*In re Lorenzo C*. (1997) 54 Cal.App.4th 1330, 1338-1339.)

## DISPOSITION

The petition for extraordinary writ is dismissed. This opinion is final forthwith as to this court.

4