Filed 2/13/15  In re S.Z. CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| In re S.Z. et al., Persons Coming Under the Juvenile Court Law. | |
| TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MELISSA Z.,<br><br>Defendant and Appellant. | F070097<br><br>(Super. Ct. Nos. JJV060010A, JJV060010C & JJV060010D)<br><br>**OPINION** |

THE COURT[*]

APPEAL from orders of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Detjen, J., and Franson, J.

Melissa appealed from the juvenile court's order terminating her parental rights (Welf. & Inst. Code, § 366.26)[1] as to her three daughters, 10-year-old S.Z., eight-year-old C.S., and five-year-old E.S. After reviewing the juvenile court record, Melissa's court-appointed counsel informed this court he could find no arguable issues to raise on Melissa's behalf. This court granted Melissa leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844 (*Phoenix H.*).)

Melissa submitted a letter in which she cites favorable evidence in the record reflecting her completion of various court-ordered services such as parenting classes, drug treatment and aftercare. She also references letters of support from her pastor and other church members. She contends she completed all her case plan requirements and asks this court to "overlook" her conduct and recognize where the juvenile court erred.

We conclude Melissa failed to address the termination proceedings or set forth a good cause showing that any arguable issue of reversible error arose from the termination hearing. (*Phoenix H.*, *supra*, 47 Cal.4th at p. 844.) Consequently, we dismiss the appeal.

**PROCEDURAL AND FACTUAL SUMMARY**

Dependency proceedings were initiated in September 2010 by the Tulare County Health and Human Services Agency (agency) after the police found then six-year-old S.Z., four-year-old C.S. and 21-month-old E.S. in the bedroom with Melissa who was smoking marijuana with David, the father of C.S. and E.S. The police found about half a pound of marijuana in the children's dresser and a glass pipe in Melissa's purse. The agency filed a petition, alleging Melissa and David's drug abuse endangered the children and that prior services had failed to resolve the problem. In October 2010, the juvenile

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

court adjudged the children dependents and ordered family reunification services for Melissa. The children were placed in foster care.

Melissa was provided 12 months of reunification services but made minimal progress. Though she completed drug treatment she continued to relapse. In addition, the children had significant behavioral problems, necessitating multiple placements. Melissa was in denial about their behavior and declined to take responsibility for her part in causing it.

In October 2011, the juvenile court terminated Melissa's reunification services and in April 2012 ordered S.Z. and C.S. into a permanent placement plan with a relative care provider and E.S. into a permanent living arrangement with her care provider. By September 2012, the children were living together in the relative's home. S.Z. and C.S. had elected not to visit Melissa and had not done so since May 2012. In January 2013, E.S. stated she did not want to visit Melissa either.

The children remained with the relative care provider until May 2013 when the agency removed them and placed them in a foster home. The agency determined this move was in the children's best interests because their disruptive behavior had not stabilized and the care provider reported that Melissa was harassing her and her daughter and they felt threatened.

In January 2014, the children were moved to a new placement because their care providers were willing to adopt C.S. and E.S. but not S.Z. and were not willing to participate in services to assist in stabilizing S.Z. The agency moved the children so as to keep them together.

In March 2014, the juvenile court granted the agency's request to conduct a section 366.26 hearing to consider a permanent plan of adoption for the children with their new care providers. In its report for the hearing, the agency informed the court that

3

the children had not visited Melissa in two years and that the care providers wanted to adopt the children.

In August 2014, Melissa appeared at the section 366.26 hearing and her attorney requested a bonding study which the juvenile court denied. Her attorney also argued the agency failed to show the children were likely to be adopted. The court, however, found that the children were likely to be adopted and that none of the exceptions to adoption applied and terminated Melissa's parental rights.

This appeal ensued.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If appellant fails to do so, the appeal may be dismissed. (*In re Sade C*. (1996) 13 Cal.4th 952, 994.)

At a termination hearing, the juvenile court's focus is on whether it is likely the child will be adopted and if so, order termination of parental rights. (*In re Marilyn H*. (1993) 5 Cal.4th 295, 309.) If, as in this case, the children are likely to be adopted, the juvenile court must terminate parental rights unless the parent proves there is a compelling reason for finding that termination would be detrimental to the child under any of the circumstances listed in section 366.26, subdivision (c)(1)(B) (exceptions to adoption).

In this case, Melissa did not argue at the section 366.26 hearing that any of the exceptions to adoption applied. Further, the substance of her appeal is an attempt to have this court review evidence related to her compliance with her reunification plan. However, it is not our role as a reviewing court to reexamine the evidence. (*In re Walter E*. (1992) 13 Cal.App.4th 125, 139-140.) Further, the evidence Melissa cites was reviewed by the juvenile court at hearings conducted in 2011. The court's findings and

4

orders from those hearings are now final.  (*Steve J. v. Superior Court* (1995) 35 Cal.App.4th 798, 811-812.)  Because Melissa failed to show good cause that an arguable issue exists, we dismiss the appeal.

## DISPOSITION

This appeal is dismissed.