Filed 1/29/16  A.T. v. Superior Court CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| A.T.,<br><br>       Petitioner,<br><br>       v.<br><br>THE SUPERIOR COURT OF MONTEREY<br><br>       Respondent;<br><br>MONTEREY COUNTY DEPARTMENT OF SOCIAL & EMPLOYMENT SERVICES,<br><br>       Real Party in Interest. | No. H042934<br>(Monterey County<br>Super. Ct. No. J48004) |

A.T. (hereinafter "mother") has filed a petition for a writ of mandate in this court, challenging the juvenile court's October 26, 2015 order terminating her family reunification services and setting a Welfare and Institutions Code[1] section 366.26 hearing with respect to her daughter C.T., who has previously been declared a dependent of the court.

Mother claims that the court erred in denying her additional reunification services.

---

[1] All further statutory references are to the Welfare and Institutions Code.

On August 5, 2014, the Monterey County Department of Social and Employment Services (hereinafter "DSS" or "Department") filed a section 300 petition on 10-month-old C.T., under section 300, subdivisions (b) (failure to protect) and (g) (no provision for support). Since 2010, the Department had received seven referrals for the family, alleging neglect of the children, substance abuse issues with the mother, and physical and emotional abuse of the children.

At the August 6, 2014 detention hearing, the court found that C.T. was a person described in section 300, found that continued care by the parents would be detrimental, committed the child to the custody of the DSS, ordered drug testing for mother; and scheduled a jurisdictional/dispositional hearing for September 23, 2014.

At the jurisdictional and dispositional hearing, the juvenile court adopted the recommendations of the Department and ordered that C.T. be adjudged a dependent child of the juvenile court; that C.T. be removed from the parents; that the mother be offered reunification services; that the father be denied reunification services pursuant to section 361.5 subdivisions (b)(10) and b)(11); and that the matter be set for three- and six-month review hearings.

In preparation for the six-month review hearing, a status report was filed on March 13, 2015, recommending that the court maintain the dependency of C.T.; continue family reunification services to the mother; and set the matter for a twelve-month permanency review hearing on September 22, 2015.

At the time of the hearing, mother had recently been incarcerated for three weeks from January 2015 through February 11, 2015 for violating her probation. She had tested positive for alcohol, marijuana, and methamphetamines. Mother had entered Door to Hope on February 11, 2015, and had been actively been participating in therapeutic groups, individual counseling, and parenting classes. Mother had recently completed

2

Parent Education Group (PEG) and was currently participating in the Parents as Teachers (PAT) program.

Mother was currently attending three to six NA/AA meetings a week, acknowledged that she did have a substance abuse problem, and was currently on Step 1. However, she had been residing with her friend, Terry M., who had a substance free home but who had been enabling her to continue to use substances while she resided with him, and had also began using drugs with a man on the street. The social worker recommended that mother also participate in a Sex and Love Addicts Anonymous (SLAA) program which would assist her in moving forward with safe relationships and being able to identify red flags in relationships. The Department recommended the mother continue to receive family reunification services.

In preparation for the 12-month review hearing, a status report was filed August 27, 2015, recommending that the court maintain the dependency of C.T.; continue C.T. in out-of-home care; terminate family reunification services to mother; and set the matter for a selection and implementation hearing on January 19, 2016.

The report noted that mother graduated from Door to Hope, a residential drug treatment program, on June 8, 2015; was currently residing at a sober living environment; and was currently employed as a full-time receptionist in Carmel Valley. The report also noted mother was currently on probation.

On August 11, 2015, mother left a message for the social worker that she had relapsed over the weekend and the previous week. At a family team meeting on August 13, 2015, mother stated she had relapsed, and that she had been driving while under the influence. Mother reported she had relapsed over the weekend and during a previous week, and stated she had been only working on her issues at a "surface level."

The report recommended family reunification services be terminated as to mother as there was not a substantial probability that C.T. could be returned to the mother within

3

18 months. The report stated that mother had not made consistent or significant progress during this review period, C.T.'s need for permanency outweighed mother's need for more time to participate in her case plan, and that mother had still not made substantial progress in her addiction issues.

At the contested hearing on October 26, 2015, the Department submitted on the reports previously filed by the Department, asked that the reports be admitted into evidence, and reaffirmed its recommendation that reunification services to the mother be terminated.

Mother called Allison Doss, her A.A. sponsor to testify. She testified she had seen a change in mother since her most recent relapse and she believed that mother had finally hit bottom. She testified that they were working the steps together, and mother was on Step 3.

Mother also called Marachelle Jackson, a woman who had given mother referrals to her various treatment programs, housing, and classes for the past six or seven years. She testified that in all the years, she had never seen the mother so committed as after her recent relapse.

Mother testified on her own behalf that since her recent relapse, she was taking the suggestions and dealing with her recovery head-on. She noted that she had 75 days sober.

In its decision, the Court noted that this case began in June 2014 after the mother was arrested for driving under the influence of alcohol with her three children in the car. At that time, the police contacted the Department for its help because this was not the first driving under the influence matter for mother. The police learned then that mother frequently drinks and drives under the influence which resulted in the likelihood of mother facing legal charges, and in fact she did face legal charges in this matter. Mother had a criminal history impairing her ability to care for C.T.; convictions for a controlled

4

substance in 2011; public intoxication and causing great bodily harm to a child; and possession of a dangerous weapon in 2012. The court noted mother had participated in numerous drug and alcohol programs, including five residential programs starting about 2006, which she had testified to in court.

The court concluded that, despite the reunification services offered to mother, she had not made the necessary progress. The court also noted that although mother had made some progress, that progress had really only happened since August 2015.

The court found that based on mother's lack of consistent sobriety, there was not a substantial probability for the safe return of C.T. to mother's care within 18 months even if additional services were offered to her. The court adopted the Department's findings; terminated reunification services to mother; continued the child as a dependent of the court; and set a Selection and Implementation hearing for February 23, 2016.

## DISCUSSION

In her petition, mother challenges the order made on October 26, 2015 (at the 12–month hearing) on the basis that she does not agree with the court's finding. Specifically, mother states as a factual basis for her petition: "I don't agree on the fact of me being in treatment outpatient 3x a week through Community Human Services. I've complete 29 out of the 36. I've been sober since August 9th 2015. Please consider continuing services."

The writ procedure outlined in section 366.26, subdivision (*l*) and implemented in California Rules of Court, rule 8.452 enables a party to obtain expeditious review of the findings and orders of the juvenile court in setting a section 366.26 hearing. (See *Steve J. v. Superior Court* (1995) 35 Cal.App.4th 798, 811.) Trial counsel is not required to file a writ petition if trial counsel believes a petition has no arguable merit, and the filing of any such petition would breach the attorney's professional obligation and would be frivolous. (*Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570, 583-584.) Although mother was

5

represented by appointed counsel, she has filed the instant writ petition *in propria persona*. Nevertheless, she must still follow the correct rules of procedure. (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)

A party seeking extraordinary writ relief is obliged to submit a petition that " 'substantively addresses the specific issues to be challenged and is supported by an adequate record.' " (*Glen C. v. Superior Court, supra*, 78 Cal.App.4th at p. 582.) "The petition must be accompanied by a memorandum." (Cal. Rules of Court, rule 8.452(a)(2).) The memorandum "must provide a summary of the significant facts," and it must "support each point by argument and citation of authority." (Cal. Rules of Court, rule 8.452(b)(1), (b)(2).)

Here, mother's petition does not follow the procedural requirements of California Rules of Court, rule 8.252. Mother does not summarize the significant facts of the case, she does not include citations to the record, and she does not include the required memorandum with citations to legal authorities.

Where the petition is defective, it may be summarily denied. (*Anthony D. v. Superior Court* (1998) 63 Cal.App.4th 149, 157 [under former but identical rule of court]; *Cresse S. v. Superior Court* (1996) 50 Cal.App.4th 947, 955-956 [same].)

Despite the deficiencies of the petition in this case, however, we will consider mother's petition on the merits. "The interest at stake in [such] petitions is of extreme importance, as the termination of reunification services in most instances ensures the subsequent termination of parental rights at the section 366.26 hearing." (*Glen C. v. Superior Court, supra*, 78 Cal.App.4th at p. 580.) Moreover, the statute encourages reviewing courts to consider such petitions on their merits. (§ 366.26, subd. (*l*)(4)(B); *Steve J. v. Superior Court, supra*, 35 Cal.App.4th 798, 807.)

We review a court's dispositional order for abuse of discretion. (*In re Ronny P.* (2004) 117 Cal.App.4th 1204, 1207.) We review the factual findings that the court made

6

in support of its decision under the substantial evidence test. (*In re Brooke C.* (2005) 127 Cal.App.4th 377, 382.) Specifically, we view the record in the light most favorable to the court's order, indulging in all reasonable inferences, and uphold the court's findings when supported by substantial evidence. (*In re Isayah C.* (2004) 118 Cal.App.4th 684, 694.)

In her petition, mother challenges the juvenile court's order terminating her reunification services on the ground that she had been sober since August 9, 2015, and she disagreed with the court's decision. However, the fact that mother had been sober since August 9, 2015 was before the court at the contested hearing. Moreover, mother made the same request of the juvenile court that she is making here, specifically, that reunification services be continued because of her recent commitment to sobriety. Mother's request that we "consider continuing services," is not a ground upon which we can grant relief.

This record provides substantial evidence to support the court's finding that while mother had made some progress with her sobriety, that she had not done enough to ensure her ability to safely parent C.T. Mother's recent relapse in August 2015 was evidence to support the court's finding that mother had not been committed to being sober up until that time, and that she had not sufficiently participated in the reunification services offered to her the past 12 months.

We find that the court's factual findings are supported by substantial evidence, and that the court did not abuse its discretion in terminating reunification services under section 366.21, subdivision (e). Based on the facts presented in the report, as well as during the contested hearing, the court properly concluded that there was not a substantial likelihood that C.T. could be safely returned to mother within the 18-month period.

## DISPOSITION

The petition for extraordinary relief is denied.

_____

RUSHING, P.J.


WE CONCUR:




_____

PREMO, J.




_____

MÁRQUEZ, J.