Filed 11/28/22 In re D.R. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re D.R., a Person Coming Under the Juvenile Court Law. | |
| TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DAVID S., <br><br> Defendant and Appellant. | F084556 <br><br> (Super. Ct. No. JJV073911A) <br><br><br> **OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County. John P. Bianco, Judge.

David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Poochigian, Acting P. J., Detjen, J. and Franson, J.

Appellant David S. (father) appealed from the juvenile court's June 6, 2022 order continuing a hearing on his request under Welfare and Institutions Code section 388[1] to modify its prior order denying him reunification services as to his now three-year-old son, D.R. After reviewing the juvenile court record, father's court-appointed counsel informed this court he could find no arguable issues to raise on father's behalf. This court granted father leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844.)

Father filed a letter but failed to set forth a good cause showing that any arguable issue of reversible error arose from the June 6, 2022 hearing. (*In re Phoenix H.*, *supra*, 47 Cal.4th at p. 844.) Consequently, we dismiss the appeal.

## PROCEDURAL AND FACTUAL SUMMARY

In July 2021, a first amended dependency petition was filed in Riverside County alleging newborn M.R. and two-year-old D.R. came within the juvenile court's jurisdiction under section 300, subdivision (b) (failure to protect) because father and their mother Alejandra (mother) suffered from mental illness and engaged in domestic violence, which placed the children at risk of harm. The petition specifically alleged as to father that he had violent outbursts, paranoid and threatening behavior, isolated himself, mother and the children, and threatened and choked mother in front of the children. The petition identified Alexis N. as M.R.'s father and alleged that his whereabouts were unknown. (§ 300, subd. (g).)

The Riverside County Juvenile Court ordered the children detained and on December 10, 2021, removed them from parental custody, ordered reunification services for mother and transferred the case to Tulare County. The Riverside County Juvenile Court denied father reunification services under section 361.5, subdivision (b)(2) (mental

---

[1] Statutory references are to the Welfare and Institutions Code.

disability) and Alexis services under section 361.5, subdivision (a) because he was an alleged father. The children were placed with a maternal aunt in Tulare County.

In December 2021, the Tulare County Juvenile Court accepted the case in transfer and set a six-month review hearing for June 6, 2022.

In May 2022, father filed a modification petition under section 388, asking the juvenile court to provide him reunification services and evaluate him for placement. He claimed to have a strong bond with D.R. and his visits with him went well. The juvenile court set a hearing on father's section 388 petition on June 6, 2022, to coincide with the six-month review hearing (combined hearing).

In its report for the combined hearing, the Tulare County Health and Human Services Agency (agency) recommended the juvenile court offer father reunification services. He completed a psychological evaluation ordered by Riverside County and there were no concerns noted. In addition, he was visiting D.R. and visits were appropriate. The agency recommended he complete a parenting class and domestic violence assessment.

On June 6, 2022, county counsel asked the juvenile court to continue the combined hearing so he could discuss father's request for reunification services with the social worker. Father's attorney did not object to a continuance and the juvenile court continued the hearing to June 29, 2022.

On June 29, 2022, the juvenile court continued reunification services for mother and set a 12-month review hearing for August 10, 2022. The court continued the hearing on father's section 388 petition to July 20, 2022.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If the

appellant fails to do so, the appeal may be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Father asserts that D.R. was wrongfully removed from him because Riverside County did not thoroughly investigate and the juvenile court and social services agency considered him unfit because of a mental illness he does not have. He believes he is being treated unfairly and denied due process or the right to speak on the record. He would like D.R. returned to his custody.

As a preliminary matter, we note the evidence concerning the circumstances under which the children were removed is scant, as are the details of father's mental health status. Nevertheless, the Riverside County Juvenile Court found sufficient evidence to remove D.R. from father's custody in part because of father's mental health issues. The court also denied him reunification services under section 361.5, subdivision (b)(2), which required expert medical opinion that he suffered from a mental disability that rendered him incapable of utilizing reunification services. Those findings and orders were issued at the dispositional hearing on December 10, 2021, and directly appealable at that time. Father did not appeal and is now precluded from doing so. (*Steve J. v. Superior Court* (1995) 35 Cal.App.4th 798, 812.)

As for due process, father was represented by counsel who appeared for him at each hearing. Further, contrary to his claim he was denied the ability to speak on the record, father directly addressed the juvenile court at the interim review hearing on April 11, 2022, regarding his concern the social worker was lying to him and the agency was "overruling another order that was taken care of in family court."

Finally, with regard to the juvenile court's order continuing the hearing on father's section 388 petition, the court has discretion to continue any hearing upon a showing of good cause. (§ 352; *In re D.N.* (2020) 56 Cal.App.5th 741, 756.) Where a juvenile court's decision is discretionary, we apply the abuse of discretion standard of review. (*In re D.R.* (2010) 185 Cal.App.4th 852, 864.) Here, the juvenile court continued the

4.

hearing on June 6, 2022, to allow county counsel to confer with the social worker on her recommendation to provide father reunification services. Father fails to show that the court's decision to continue the hearing for county counsel to query the social worker was an abuse of discretion.

Based on the foregoing, we conclude father failed to set forth a good cause showing that an arguable issue of reversible error arose from the juvenile court's order continuing the hearing on his section 388 petition. Consequently, we dismiss the appeal.

## DISPOSITION

This appeal is dismissed.